**MONTEREY DEVELOPMENT CORPORATION,**
Appellant,

v.

**LAWYER'S TITLE INSURANCE CORPORATION, Appellee.**

**No. 93–1191.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1993.

Decided Sept. 1, 1993.

Kevin P. Curran, Springfield, MO, argued (Kevin P. Curran and D. Christian Wise, on the brief), for appellant.

Helmut Starr, St. Louis, MO, argued, for appellee.

Before WOLLMAN and LOKEN, Circuit Judges, and BOGUE,* Senior District Judge.

---

\* The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri.

2. Some clarification of the relationships between the various defendants may prove helpful at this point. Geneva Johnson is the wife of Paul Johnson. Ron Johnson is Paul Johnson's son. Paul Johnson and Gary Fuller have been friends and occasional business partners for twenty years and at times have shared office space.

WOLLMAN, Circuit Judge.

Monterey Development Corporation ("Monterey") appeals from the district court's [1] dismissal of its claim against Lawyer's Title Insurance Company ("Lawyer's Title") for breach of a title insurance policy. Monterey and its president, Gary Fuller, also appeal from the district court's imposition of civil contempt sanctions. Counsel for Monterey, Kevin Curran, appeals from the district court's imposition of sanctions under Federal Rule of Civil Procedure 11 for signing a frivolous complaint. We affirm.

## I.

This litigation involves the tangled history of a parcel of real property in Greene County, Missouri. In January 1988, General Electric Capital Corporation ("G.E. Capital") filed a lawsuit in the District Court for the Western District of Missouri, seeking, among other relief, to foreclose on a deed of trust on the property dated January 23, 1985. (The original lawsuit will be referred to as "Case 88–3018"). G.E. Capital named as defendants New Concept Housing, Inc., the owner of the property; several related corporations; and a number of individuals that had executed personal guaranties on New Concept's debt to G.E. Capital, including Paul Johnson, Geneva Johnson, Stephen Johnson, Carolyn Johnson Wood, and Gary Fuller.[2]

On July 21, 1989, G.E. Capital and the various defendants in Case 88–3018 filed with the court a stipulation for judgment on G.E. Capital's claim for foreclosure on its deed of trust. The stipulation provided that G.E. Capital held a valid deed of trust that constituted a "first lien" on the property and that

---

The corporate defendants and their officers included the following:

(1) Empire Development Corporation: Paul Johnson, President and Director; Gary Fuller, Secretary; Geneva Johnson, Director;

(2) Empire Mortgage Company, Inc.: Gary Fuller, President and Director; Geneva Johnson, Vice President and Director; Carolyn Johnson Wood, Director;

(3) Southwest Village Water Company: Ron Johnson, President.

the interest of any of the defendants was subordinate to G.E. Capital's interest. The stipulation further provided that the defendants' obligations to G.E. Capital would be satisfied by selling the property at a private foreclosure sale to Monterey, a new corporation formed specifically for the purpose of buying the property and whose president was Gary Fuller. The stipulation was signed by defendants Gary Fuller, Paul Johnson, Geneva Johnson, Ron Johnson, and Stephen Johnson, either individually or in a corporate capacity. Pursuant to the stipulation, the district court entered a judgment of foreclosure on July 24, 1989, ordering the sale of the property to Monterey and finding that all of the defendants had "waived and relinquished any redemption or other rights they may have" in the property.

In order to purchase the property, Monterey borrowed $155,000 from State Bank of Polk County ("State Bank"), executing a promissory note and a deed of trust in State Bank's favor. In connection with this loan, Monterey purchased a title insurance policy from Lawyer's Title.

The story does not end so neatly, however. In 1982, Geneva Johnson came into possession of a deed of trust (the "1970 deed of trust") originally executed by Harry and Nan Mitchell on January 5, 1970, that purported to encumber the property. In January 1989, while G.E. Capital's foreclosure action was pending, Geneva Johnson assigned the 1970 deed of trust to Ron Johnson, who was involved in Case 88–3018 as the President of the defendant Southwest Village Water Company.

On the day after Monterey purchased the property at the private foreclosure sale, Ron Johnson appointed Beverly Hood as successor trustee for the 1970 deed of trust, although Hood at that time was the collection agent for Monterey. Hood attempted a non-judicial foreclosure on the 1970 deed of trust in October 1989 and sold the property to Empire Development. When Paul Johnson, as President of Empire Development, presented the successor trustee's deed to Monterey, Gary Fuller, who was also Secretary of Empire Development, surrendered the rents and possession of the property to Empire

Development. Several more transactions transferring interests in the property then occurred between Empire Development, Empire Mortgage, and Ron Johnson.

In October 1989, Fuller made a claim on Monterey's behalf against Lawyer's Title for failing to except from coverage the 1970 deed of trust, resulting in the foreclosure by Ron Johnson. State Bank also made a claim against Lawyer's Title arising out of the October 1989 foreclosure.

State Bank then intervened as a plaintiff in Case 88–3018, filing a three-count petition that sought to have the district court set aside Ron Johnson's October 1989 foreclosure and find certain defendants, including Gary Fuller, in contempt of the court's judgment of foreclosure. Monterey subsequently intervened in the case as well.

On May 30, 1991, the court granted State Bank's motion for summary judgment on counts II and III of its complaint, which involved the nullification of the October 1989 foreclosure. The court's summary judgment order held that the various defendants had signed the stipulation that stated that G.E. Capital held a first lien on the property and that any interest held by the defendants was subordinate to G.E. Capital's lien, thereby extinguishing them. Thus, the court held that the defendants were estopped from claiming that the 1970 deed of trust had priority over G.E. Capital's lien and that it could provide a basis for a foreclosure after the court's judgment of foreclosure on July 24, 1989. The court ordered several of the defendants, including Ron Johnson, Empire Development, and Empire Mortgage, to file quitclaim deeds relinquishing their rights in the property to Monterey. Monterey thus regained fee simple title to the property. The court did not at that time, however, rule on count I of State Bank's petition, which sought to have certain defendants held in contempt.

Ron Johnson appealed the district court's order. We dismissed the appeal for lack of jurisdiction because not all of the claims in the case had been finally determined, including the contempt claim in Count I. *General*

*Elec. Cap. Corp. v. Fuller*, No. 91–2937 (8th Cir. Nov. 21, 1991).

The defendants complied with the court's order to file quitclaim deeds, thereby avoiding the contempt citations sought in Count I of State Bank's petition. During this time, however, Paul Johnson purchased from State Bank Monterey's $155,000 promissory note, thereby acquiring State Bank's interest in the litigation. Also during this time, Monterey attempted to fire the counsel that Lawyer's Title had provided for it and retained new counsel. After these events, Monterey, through its new counsel, and the various defendants moved the district court to enter a voluntary dismissal order under Federal Rule of Civil Procedure 41(a). Satisfied that the quitclaim deeds had restored fee simple title to Monterey, the district court dismissed the case without prejudice on February 12, 1992.

Following the dismissal of Case 88–3018, Hood again attempted to foreclose on the 1970 deed of trust. Monterey, through the counsel provided by Lawyer's Title, filed an application for a temporary restraining order to prevent the new foreclosure. Gary Fuller wrote a letter to counsel, stating that Monterey no longer had title to the property because the deed of trust executed in favor of State Bank had been foreclosed (presumably by Paul Johnson). Consequently, counsel dismissed the application.

Monterey then filed the present lawsuit against Lawyer's Title in Missouri state court, claiming that Lawyer's Title's failure to except the 1970 deed of trust from coverage had caused Monterey to lose possession of the property. Lawyer's Title removed the case to the United States District Court for the Western District of Missouri, and the case was assigned to Judge Clark, who had presided over Case 88–3018. The court dismissed Monterey's complaint, stating that its May 30, 1991 order was a final judgment that had extinguished all junior interests in the property, including the 1970 deed of trust. After a show-cause hearing, the court also imposed a $3,000 fine on Monterey and Gary Fuller for civil contempt, and a $500 fine against Kevin Curran, Monterey's current counsel, for violating Rule 11.

## II.

Monterey claims that the district court erred in relying on pleadings, records, and orders found in Case 88–3018 when it dismissed Monterey's complaint in the present case. Monterey argues that the district court's dismissal without prejudice of Case 88–3018 rendered all proceedings on State Bank's petition a nullity, thereby preventing the events in that case from having a preclusive effect on the present case. Monterey relies on our opinion in *In re Piper Aircraft Dist. Sys. Antitrust Lit.*, 551 F.2d 213 (8th Cir.1977). We held in that case that the district court had erred in giving preclusive effect to the denial of class action status in another case that had been subsequently dismissed without prejudice pursuant to Rule 41(a)(1). *Id.* at 219. We stated that "[t]he effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought," reasoning that a dismissal without prejudice does not comply with the requirement of a valid and final judgment, which is necessary for the application of collateral estoppel. *Id.* at 219–20. Monterey argues that the district court's statement that the May 30, 1991 order was a final judgment reveals that the district court dismissed the present case because it believed that res judicata or collateral estoppel prevented Monterey from litigating the viability of the 1970 deed of trust.

We need not decide, however, whether our holding in *In re Piper Aircraft* applies to this case. Although we do not believe that the district court's invocation of estoppel was as narrow as Monterey urges, we may affirm the judgment on any ground supported by the record, even if not relied on by the district court. *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir.), *cert. denied*, 498 U.S. 823, 111 S.Ct. 74, 112 L.Ed.2d 48 (1990). Therefore, as we believe the district court intended in part, we hold that Monterey is prohibited under Missouri law from pursuing a claim against Lawyer's Title based on the 1970 deed of trust by application of the doctrine of judicial estoppel.

Because this is a diversity case, we must apply the substantive law of Missouri.

*Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Jackson v. Anchor Packing Co.*, 994 F.2d 1295, 1301 (8th Cir.1993). Missouri has long recognized the doctrine of judicial estoppel. *See, e.g., Edwards v. Durham*, 346 S.W.2d 90, 101 (Mo.1961). Unlike its related counterparts—collateral estoppel, which prevents repetitive litigation, and equitable estoppel, which prevents contracting parties from asserting contradictory positions to ensure fairness between them—judicial estoppel is " 'designed to preserve the dignity of the courts and insure order in judicial proceedings.' " *Jeffries v. Jeffries*, 840 S.W.2d 291, 294 (Mo.Ct. App.1992) (quoting *Edwards*, 346 S.W.2d at 101); *see also Morris v. State of California*, 966 F.2d 448, 453 (9th Cir.1991)) ("the purpose of the doctrine is to protect the integrity of the judicial process"), *cert. denied*, —— U.S. ——, 113 S.Ct. 96, 121 L.Ed.2d 57 (1992); *Konstantinidis v. Chen*, 626 F.2d 933, 937 (D.C.Cir.1980) ("[t]he object is to safeguard the administration of justice"). Because the doctrine's focus is on the court's integrity, judicial estoppel does not require proof of privity, reliance, or prejudice by the party invoking it. *Konstantinidis*, 626 F.2d at 937. Judicial estoppel prevents a person who states facts under oath during the course of a trial from denying those facts in a second suit, even though the parties in the second suit may not be the same as those in the first. *Bellinger v. Boatmen's Nat'l Bank*, 779 S.W.2d 647, 650 (Mo.Ct.App.1989) (citing *Lillo v. Thee*, 676 S.W.2d 77, 81 (Mo. Ct.App.1984)). "Furthermore, even when the prior statements were not made under oath, the doctrine may be invoked to prevent a party from playing 'fast and loose with the courts.' " *Konstantinidis*, 626 F.2d at 937 (citing *Scarano v. Central R.R.*, 203 F.2d 510, 513 (3d Cir.1953)).

Gary Fuller, Paul Johnson, Ron Johnson, Geneva Johnson, Empire Development, and Empire Mortgage all executed a stipulation that stated that G.E. Capital held a first lien on the property and that any interest held by the defendants was subordinate to G.E. Capital's interest. Thus, by their admissions the foreclosure on G.E. Capital's deed of trust extinguished all junior liens on the property, including the 1970 deed of trust. *Cf. Sabine v. Leonard*, 322 S.W.2d 831, 836 (Mo. banc 1959) (foreclosure of a senior mortgage extinguishes junior mortgage unless the mortgagor acquires full title to the property); *Sertoma Building Corp. v. Johnson*, 857 S.W.2d 858, 860–61 (Mo.Ct.App.1993) (same). Ron Johnson, Geneva Johnson, and the others involved in this scheme knew that the district court's judgment of foreclosure on July 24, 1989, was designed to place fee simple title to the property in Monterey. They represented to the court in the stipulation that they were relinquishing their rights. Whether or not they had transferred their interests in an attempt to hide them from the court, they could no longer claim that the 1970 deed of trust remained a viable lien on the property that could still support a foreclosure after the stipulation and judgment of foreclosure.

Fuller also knew that this was the effect of the stipulation and judgment of foreclosure. Therefore, he knew that the purported foreclosures in 1989 and 1992 were invalid. Nonetheless, following the purported foreclosure in October 1989, he voluntarily relinquished Monterey's possession of the property to Paul Johnson, his fellow officer in Empire Development.

Despite Fuller's surrender of the property, counsel for Monterey was able to regain possession of the property when the district court granted summary judgment on counts II and III of State Bank's petition in Case 88–3018 and ordered the various defendants to file quitclaim deeds. At that point, Monterey once more had fee simple title to the property, as the district court stated in its order of May 30, 1991. Nonetheless, Fuller thwarted the efforts of counsel provided by Lawyer's Title and those of the district court to restore Monterey's title. Fuller and Paul Johnson manipulated the litigation so they could obtain a voluntary dismissal, even though the only act remaining to be done to give Monterey the relief it sought was simply to enter judgment on the court's summary judgment order of May 30, 1991.

Fuller and Monterey repeatedly stress that the voluntary dismissal wiped away all of the proceedings in Case 88–3018, especially the May 30, 1991, summary judgment order. Whether that is so or not, it is clear that the various defendants in Case 88–3018 filed and recorded quitclaim deeds in accor-

dance with the court's May 30 order. Those quitclaim deeds thus bore a legal effect independent of the status of Case 88–3018. Despite the fact that the deeds once more extinguished the 1970 deed of trust and restored Monterey's title, Fuller and Monterey have now attempted to escape the stipulation and the court's orders and, on the basis of the 1970 deed of trust, to force Lawyer's Title to compensate Monterey for its alleged loss of the property.

Fuller and the other original defendants in Case 88–3018, through their various corporations, have attempted to make a mockery of the district court's judgment of foreclosure on G.E. Capital's deed of trust. They have contradicted the intent of the stipulation which supported the court's original judgment of foreclosure and have attempted to play "fast and loose with the court." That the district court recognized the effect of the defendants' machinations on the integrity of the judicial process is made clear by its statement at the December 18, 1992, hearing on the order to show cause that "I think I have an obligation to uphold the integrity of judgments rendered by this court." We agree with the district court's assessment of the defendants' conduct, and we hold that the district court properly ruled that Fuller and Monterey are estopped from asserting that the 1970 deed of trust was properly foreclosed. Accordingly, Monterey's claim against Lawyer's Title based on the 1970 deed of trust must fail.

■ We also affirm the district court's imposition of civil contempt sanctions against both Fuller and Monterey. *See* 18 U.S.C. § 401. Fuller himself signed the stipulation in Case 88–3018; manipulated the dismissal of that action; and signed the complaint in the present case, knowing that the 1970 deed of trust could not be validly foreclosed. " 'When reviewing the grant or denial of civil or criminal contempt motions, we are limited to determining whether the ruling of the district court amounts to an abuse of discretion.' " *Barnes v. Bosley*, 828 F.2d 1253, 1259 (8th Cir.1987) (quoting *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 226 (10th Cir. 1979)). We find no abuse of discretion here.

■ Likewise, we affirm the district court's imposition of sanctions under Rule 11 against Attorney Curran. "We review all aspects of a district court's Rule 11 decision under an abuse of discretion standard." *Peerless Indus. Paint Coatings Co. v. Can-am Steel Corp.*, 979 F.2d 685, 686 (8th Cir. 1992). A reasonable investigation would have shown counsel that Fuller and his cohorts were contradicting the stipulation and the court's judgment of foreclosure and were manipulating the judicial process. Counsel's claim of reliance solely on the language of *In re Piper Aircraft* does not excuse the filing of the meritless complaint. A fuller understanding of the entire scheme would have shown that *In re Piper Aircraft* would not support Monterey's attempt to fix liability on Lawyer's Title. Thus, we find no abuse of discretion in imposing the $500 fine.

As we find that the sanctions imposed by the district court are sufficient in this case, we deny Lawyer's Title's request to award attorneys' fees and double costs arising out of this appeal.

The judgment of the district court is affirmed in all respects.