**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2633

_____

| | |
|---|---|
| Scott Schoenfeld, by his parents and next friends, Marc Schoenfeld and Anne Schoenfeld; Marc Schoenfeld; Anne Schoenfeld,<br><br>       Plaintiffs-Appellants,<br><br>      v.<br><br>Parkway School District; Paul Delanty, Superintendent of Parkway School District; Special School District of St. Louis County; Ronald Rebore, Dr., Superintendent of Special School District of St. Louis County,<br><br>      Defendants-Appellees. | \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* Appeal from the United States <br> \* District Court for the <br> \* Eastern District of Missouri. <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* |

_____

Submitted: January 14, 1998
Filed: March 9, 1998

_____

Before LOKEN, FLOYD R. GIBSON, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Appellants Scott Schoenfeld and his parents, Marc and Anne Schoenfeld, were refused reimbursement for the cost of Scott's private school placement and claim that

this was a denial of the free appropriate public education guaranteed by the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, et seq. They sued the Parkway and St. Louis County school districts and their superintendents to recover private school costs under IDEA, the due process and equal protection clauses of the fourteenth amendment, 42 U.S.C. § 1983, and the special educational services requirements of Missouri law, Mo. Rev. Stat. § 162.670, et seq. The district court[1] granted summary judgment to the defendants on the IDEA and § 1983 claims and dismissed the state law claim for lack of subject matter jurisdiction. The Schoenfelds appeal from the judgment, and we affirm.

Scott Schoenfeld left his local elementary school in the fall of 1991 to begin seventh grade at the larger Parkway Middle School. Scott came home after the first day of school and began to cry and vomit. Throughout the school year Scott suffered stomach aches, vomiting, and other physical symptoms that kept him home from school. On Sunday evenings he often cried and said that he didn't want to go to school the next day and he frequently left class to go to the offices of the school nurse and counselor. Scott began to see a child psychologist, Dr. Zila Welner, who determined, as did other psychiatrists who examined him, that Scott suffered from general and separation anxiety, but had no other impediment to attending school. Dr. Welner counseled Scott and his parents and prescribed medication to help with Scott's anxiety. She also suggested that the Schoenfelds visit an adolescent day care facility, and they found a program they liked at Barnes West Hospital where they enrolled Scott. The Barnes staff then met with Scott for counseling in the morning before taking him to school. They also met again after the school day finished. Over the course of the semester staff members tried to increase the time Scott spent in school each day, and at the end Scott had received three A's, three B's, and a C on his report card.

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

In early February 1992, the Schoenfelds met with staff members from Barnes and the school to set up an intervention program that would help Scott with his anxiety. Notices of the special services Parkway provided under IDEA had been published in school newsletters and registration handbooks and posted in the school building itself. Mrs. Schoenfeld had worked as a substitute teacher in the Parkway district where she had encountered students who left class as part of their intervention plan. At the February meeting all participants agreed on a plan which allowed Scott to leave class when he felt it necessary and to use a school telephone to contact Barnes personnel for help in managing his anxiety. The Schoenfelds also decided to look into other schools and, on the suggestion of a Parkway staff member, called the Special School District of St. Louis County (SSD) to see if Scott was eligible for home schooling. Although the SSD informed the Schoenfelds that he was eligible, they decided against that option because Dr. Welner thought it would only exacerbate his anxiety problems.

Under the intervention plan Scott began to have less trouble at Parkway. His absence from class decreased substantially, and he received three A's, three B's, and one C in the second semester. He tested in the seventieth percentile on the Stanford Achievement Test which was at or above the level predicted by his aptitude testing in particular subjects. By the end of the 1991-1992 school year at Parkway, Scott had successfully completed seventh grade and shown marked improvement in managing his anxiety.

In the fall of 1992 Scott began eighth grade at Parkway. Just as he had the year before, Scott began to cry when he came home from the first day of school. His parents took him to see Dr. Welner, and on the next day Scott and his parents met with staff at the private Logos School. After the meeting they enrolled Scott in Logos against the advice of Dr. Welner and called Parkway to have his records transferred. Scott never returned to Parkway, and his parents never contacted Parkway about paying for his education at Logos until over a year later in November, 1993. When

their request for reimbursement of the cost of Scott's placement at Logos was refused, the Schoenfelds sued to recover those costs.

The district court granted summary judgment based on the conclusion that Scott did not meet IDEA's definition of "disabled" because his academic performance did not fall below the level appropriate to his age group as a result of his anxiety. Appellants argue the district court erred in granting summary judgment based on this conclusion because "decreased academic performance" under IDEA does not mean that the individual must fall below age appropriate performance levels. We review de novo a grant of summary judgment. Unigroup v. O'Rourke Storage & Transfer, 980 F.2d 1217, 1219 (8th Cir. 1992). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

When a student has special educational needs due to a disability, an individual education plan (IEP) must be developed through the cooperation of school officials and parents to meet those needs and revised as the child's needs change. 20 U.S.C. §§ 1401 (a)(20), 1414(a)(5). The plan may include special procedures and programs in the current school or placement in another school. 20 U.S.C. § 1401(18); Andrews v. Ledbetter, 880 F.2d 1287, 1288 (11th Cir. 1989). Under IDEA strong preference is given to public school mainstreaming. Florence County School District Four v. Carter, 114 S.Ct. 361, 364 (1988). The cost of private education is borne by the state when a child is placed in a private institution through a decision involving school officials, 20 U.S.C. 1413(a)(4)(B)(i), but parents who unilaterally place a child in private school do so at their own financial risk, Burlington School Committee v. Department of Education, 105 S.Ct. 1996, 2004-05 (1985); Fort Zumwalt School District v. Cynes, 119 F.3d 607, 611-612 (8th Cir. 1997).

Scott Schoenfeld was withdrawn from Parkway after the first day of his eighth grade year and enrolled in Logos before anyone at Parkway knew about it. IDEA

requires a meeting of school administrators, the child's teacher, their parents, and when possible the child, to formulate an IEP. 20 U.S.C. § 1401(a)(20). Parkway had no opportunity to provide an appropriate education for Scott in the public school as is preferred under IDEA because he transferred to private school after only one day in eighth grade without any discussion with Parkway officials about possible accommodations to meet his current needs. Reimbursement for private education costs is appropriate only when public school placement under an individual education plan (IEP) violates IDEA because a child's needs are not met. <u>Carter</u>, 114 S.Ct. at 366; <u>Evans v. District No. 17</u>, 841 F.2d 824, 832 (8th Cir. 1988). Since Parkway was denied an opportunity to formulate a plan to meet Scott's needs, it cannot be shown that it had an inadequate plan under IDEA. Reimbursement for the costs of his private placement would therefore be inappropriate because school officials were excluded from the decision, 20 U.S.C. § 1413(a)(4)(B)(i), and because no showing of inadequate services under IDEA can be made.

Scott's unilateral withdrawal from Parkway meant there was no opportunity to modify his IEP to meet his needs for the 1992-1993 school year in public school as is preferred under IDEA, <u>Carter</u>, 114 S.Ct. at 364, and no involvement of school officials in the private placement decision. 20 U.S.C. 1401(a)(20). In these circumstances reimbursement for the expenses of his private education is not required even if it were assumed that private placement was appropriate to meet Scott's needs. 20 U.S.C. § 1413(a)(4)(B). We therefore need not consider whether Scott was disabled within the meaning of IDEA. The district court concluded Scott was not disabled because his academic performance did not drop below the level appropriate to his age group as a result of his anxiety.[2] We may affirm the district court's ruling on any basis supported

---

[2]We note that Scott's academic performance at or above the age specific level of his education or his predicted aptitude does not automatically lead to the conclusion that his education satisfies IDEA's requirement of an "appropriate" education. 20 U.S.C. § 1413. Academic achievement is not the only measure of the appropriateness of a child's education. See <u>Yankton School District v. Schramm</u>, 93 F.3d 1369, 1374-75 (8th Cir. 1996).

by the record, however, <u>Monterey Development Corp. v. Lawyers Title Insurance Corp.</u>, 4 F.3d 605, 608 (8th Cir. 1993), and the Schoenfelds' failure to seek an IEP before placing Scott in private school precludes reimbursement under IDEA.  20 U.S.C. § 1413(a)(4)(B)(i).

For these reasons the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.