OPINION
PER CURIAM:
In this appeal, Defendant/Appellant Lindy Lee Morris challenges his convictions and sentences for violations of Tulalip Tribal Code (TTC) 3.35.180 (violation of a protective order)[1] and TTC 4.25.060 (domestic violence).[2] In regards to his conviction for violation of a protective order, Appellant argues[3] that the protective order he was accused of violating was invalid, and therefore there could be no violation of TTC 3.35.180. In regards to his comiction for domestic violence, Appellant argues that “abuse” is an essential element of that crime, and because the Tribes failed to prove that any abuse had occurred, he was wrongly convicted of domestic violence. Finally, Appellant argues that if he was actually convicted of the offense[4] of a “crime involving domestic violence” as defined by TTC 4.25.050(7), because the elements of that crime as applied to this case are identical to those of violation of a protective order under TTC 3.35.180, his convictions for violations of both TTC 3.35.180 and TTC 4.25.050(7) constitute double jeopardy in violation of the Tulalip Tribal Code and the Indian Civil Rights Act, 25 U.S.C. § 1302(a)(3).
While we apply a somewhat different analytic framework to the issues than that proposed by Appellant, we agree with Appellant that the trial court committed clear error in regards to the domestic violence charge, and therefore Appellant’s conviction and sentence for violating TTC 4.25.060 are hereby reversed and vacated. We find no prejudicial error concerning *464 Appellant’s conviction for violation of a protective order, and therefore affirm the judgment and sentence for violation of TTC 3.35.180.
FACTS
The essential facts of this case are not in dispute. On November 13, 2012, the Tribal Court for the Lummi Nation issued an Order for Protection-Domestic Violence in Lummi Tribal Court proceeding number 2012 CVPD 3185.[5] That protective order prohibited Mr. Morris “from coming near or having any contact whatsoever” with D.J.,[6] the petitioner in that proceeding. The Lummi protective order expressly ordered Mr. Morris to “[r]emain 100 yards away from petitioner” for one year. Exactly forty four days later, on December 27, 2012, Tulalip Tribal Police observed Mr. Morris enter the driver’s seat of a vehicle occupied by D.J. in the parking lot of the Tulalip Liquor Store, which is within the exterior boundaries of the Tulalip Reservation. Having determined that Mr. Morris was subject to the Lummi protective order, and upon observing Mr. Morris commit a pair of minor traffic violations, the Tulalip Police stopped him and arrested him for violation of the Lummi protective order. At no time during this incident did the Tulalip Police observe any physical contact between Mr. Morris and D.J. The Tribes never produced any evidence, nor alleged, that Mr. Morris “abused” D.J. on December 27,2012.
VIOLATION OF A PROTECTIVE ORDER
Prior to trial, Mr. Morris moved to have the charge of violation of a protective order dismissed. Mr. Morris argued that the Lummi Tribal Court protective order at issue was invalid because there were defects in the petition that resulted in the issuance of the order. The trial court denied that motion, ruling both that the Lummi order was valid, and that Mr. Morris was collaterally estopped from attacking the validity of the Lummi order in the Tulalip Tribal Court. On appeal, Mr. Morris again argues that the Lummi protective order is invalid because it is based on a defective petition. Mr. Morris does not address collateral estoppel in any of his appellate filings
This Court may affirm the judgment of a trial court on any ground supported by the record, even if the trial court did not rely on it. See, e.g., Rupp v. Omaha Indian Tribe, 45 F.3d 1241, 1244 (8th Cir.1995), citing Monterey Dev. v. Lawyer’s Title Ins., 4 F.3d 605, 608 (8th Cir.1993).[7] Because the trial court was required to give full faith and credit to the Lummi Nation protective order under both the federal Violence Against Women Act (VAWA) and Section 4.25.210 of the Tulal-ip Tribal Code, we need not decide if the trial court correctly applied the collateral estoppel doctrine in this case.
There is no evidence in the documentary [8] record establishing that Mr. *465 Morris was ever served the “permanent”[9] protective order issued by the Lummi Tribal Court on November 12, 2012; However, there is also no claim by Mr. Morris in either his trial court or appellate pleadings that he lacked notice of that order.[10] Moreover, Mr. Morris has not raised lack of notice of the Lummi order as an issue on appeal, and has therefore waived any legal right to claim on appeal that he lacked notice of the issuance of the order. TTC 2.20.030(2).
The Tulalip Tribal Code requires the Tulalip Tribes to accord full faith and credit to the Lummi order. The Tulalip Tribes’ Board of Directors adopted TTC 4.25.210 for the express purposes of ensuring “compliance with the full faith and credit provision of the Violence Against Women Act of 1994 (VAWA) as set forth in Title 18 of the United States Code, Section 2265 (18 U.S.C. 2265),” and ensuring that “victims of domestic violence are able to move across State and Tribal boundaries without losing [sic] ability to enforce protection orders they have previously obtained to increase their safety.” The requirements for establishing the validity of a foreign protection under TTC 4.25.210 are virtually identical to those set forth in 18 U.S.C. 2265,[11]
As the trial court rightly observed, the proper forum available to Mr. Morris for challenging the validity of the Lummi Tribal Court’s protective order was the Lummi Tribal Court. Mr. Morris failed to appear for the hearing upon which the permanent protective order was issued and failed to appeal the issuance of the order. The Lummi order is valid under the terms of the applicable Tulalip and federal laws requiring Tulalip to accord full faith and credit to the Lummi order. Thus, Appellant’s argument on appeal that the Lummi order is invalid is without merit.
In addition, the federal VAWA[12] provides that “[a]ny protection order issued that is consistent with subsection (b) of this section by the court of one State, Indian tribe, or territory (the issuing State, Indian tribe, or territory) shall be accorded full faith and credit by the court of another State, Indian tribe, or territory (the enforcing State, Indian tribe, or terri *466 tory) and enforced by the court and law enforcement personnel of the other State, Indian tribal government or Territory [territory] as if it were the order of the enforcing State, Indian tribe, or territory.” 18 U.S.C. § 2265(a). Subsection (b) provides in relevant part:
(b) Protection order. A protection order issued by a State, tribal, or territorial court is consistent with this subsection if-
(1) such court has jurisdiction over the parties and matter under the law of such State, Indian tribe, or territory; and
(2) reasonable notice and opportunity to be heard is given to the person against whom the order is sought sufficient to protect that person’s right to due process.
18 U.S.C. § 2265(b). Mr. Morris has never asserted that the Lummi Court lacked jurisdiction to issue the protective order and the record firmly establishes that the Lummi Court provided Mr. Morris notice and the opportunity to be heard in regards to the issuance of its protective order. The Lummi protective order is consistent with 18 U.S.C. § 2265(b), and therefore the Tulalip Tribes are compelled by federal law, as well as tribal law, to accord it full faith and credit.
Appellant’s conviction and sentence for violation of a protective order under TTC 3.35.180 are therefore affirmed.
DOMESTIC VIOLENCE
The record is consistent only in that the trial court, prosecution and defense each could not parse the Tribal Code sections under which Mr. Morris was charged, tried, convicted or sentenced. Because the Tulalip Tribes has amended its Domestic Violence Code, TTC 4.25, to eliminate the problems present in this appeal, this Court need not plunge into the morass presented by this record.
Instead, our focus is on the rights every defendant is afforded when charged with a crime by the Tulalip Tribes. TTC 2.25.060(2) enumerates these rights, and in particular each defendant has the right “[t]o be informed of the nature of the charges pending against him or her and to have a copy of those charges.” TTC 2.25.060(2)(c).
The initial Criminal Complaint against Mr. Morris cites and charges him with “domestic violence” pursuant to TTC 4.25.060, but fails to cite a subsection of 4.25.060. It also recites allegations that together would, it claims, constitute a “crime involving domestic violence” but again cites no subsection of 4.25.060. Without a specification as to which crime in 4.25.060 is being charged, Mr. Morris would be unable to properly defend himself, and his rights would be violated. The Amended Complaint has the same defects. While further proceedings in a criminal prosecution could clarify the precise crime with which a defendant was charged so a proper defense could be mounted, such clarification apparently did not happen here. Both the Complaint and the Amended Complaint were dismissed during pre-trial proceedings, and a presumed Second Amended Complaint under which Mr. Morris went to trial is not in the record. The confusion survived the trial and the jury’s verdict. Indeed, in a post-trial motion Mr. Morris sought clarification as to which crime the jury had convicted him. The trial judge, in an unsuccessful attempt to harmonize the record, ruled that the two code sections were “coterminous”. They were not, nor are they the same crime with the same potential penalties.
A defendant is entitled to notice of the crimes with which he is charged. A *467 complaint which alleges violation of a general code section which has subsections which do not have the same elements violates a defendant’s rights under TTC 2.2ó.060(2)(e). Mr. Morris’ conviction for a “crime involving domestic violence” or, in the alternative, his conviction for “domestic violence”, is reversed.
IT IS SO ORDERED.

. The criminal complaint filed by the Tribes' prosecutor states that violation of a protective order is a violation of TTC 3.25.180. This appears to be a scrivener's error, as there is no TTC 3.25.180, and violation of a protective order is in fact addressed at TTC 3.35.180. Despite a footnote in Defendant’s February 11, 2013 Motion to Dismiss Charges pointing out this error, the trial court's May 22, 2013 Judgment and Sentence cites TTC 3.25.180. This repetition by the judge of the prosecutor's original scrivener's error constitutes harmless error, as the Judgment and Sentence clearly identify violation of a protective order as the offense committed.

. During the pendency of this appeal, the Tribes amended their domestic violence code in its entirety. All references within this opinion to Chapter 4.25 of the Tulalip Tribal Code are to the version of Chapter 4.25 in effect on the date of Appellant's arrest, December 27, 2012. Many of the provisions cited in this Opinion are therefore no longer in effect, and the precedential value of this Opinion is correspondingly limited. All references to Chapter 4.25 within this Opinion phrased in the current tense should be considered to be in the past tense.

. Appellant was represented by counsel in the trial below and appears before this Court pro se. Because TTC 2.20.100 directs this Court to decide cases “on the basis of the Trial Court record” as well as "any written or oral arguments presented by the parties,” we have in part relied on the briefs filed with the trial court in addition to the arguments presented directly to this Court.

. As noted by counsel for Defendant in the proceedings below, it is not at all clear whether TTC 4.25.050(7), defining "crime involving domestic violence.” establishes a crime in and of itself by that name, or simply describes a categoiy of offenses to which the sanctions of TTC 4.25.060 apply. Defendant’s Motion to Dismiss Charges and Accompanying Brief in Support, pp. 4-6. While we think the latter is a more logical reading of the Code, because the trial court appears to have assumed the former (i.e., that TTC 4.25.050(7) establishes a distinct offense named "crime involving domestic violence”), for purposes of simplicity and clarity in our analysis here, unless otherwise specified, we too will treat 4.25.050(7) as if it establishes a distinct offense named "crime involving domestic violence.”

. The Order was signed by the Tribal Court Judge on November 13, 2012 and filed by the clerk on November 14, 2012.

. Because the Lummi Tribal Court petitioner’s name is immaterial to our decision here, we use only his/her initials to protect his/her confidentiality.

. “[Wjhere no applicable Tulalip Tribal law, ordinance, or custom law can be found, the Courts may utilize, in the following order, the procedural law's of other Federally recognized Indian tribes, Federal statutes, Federal common law, State common law, and State statutes as guides to decisions of the Courts.” TTC 2.05.030(2).

.This Court has found no need to review the hearing testimony to resolve the issues presented by this appeal.

. Although the November 13, 2012 protective order is effective for one year from the date it was issued, we join the parties and the trial court in referring to it as "permanent” in order to distinguish it from the several temporary orders of protection issued by the Lummi Tribal Court prior to November 13.

. Mr, Morris’ opening brief asserts in one sentence that he did not sign the Lummi order, but in another sentence qualifies that assertion by stating he did not sign it "on November 13, 2012.” This Court does not, of course, make findings of fact, but rather defers to the findings of the trial court unless any such finding is shown to be clearly erroneous. TTC 2.20.090(1). Mr. Morris’ own statement of facts in his first Motion to Dismiss Charges, which was filed on January 28, 2013, states that "On November 14, 2012, the Lummi Tribal Court served an Order for Protection Domestic Violence on Mr. Lindy Morris.” That motion, and the Defendant's Motions in Limine filed on February 15, 2013, further acknowledge that the Lummi Tribal Court’s permanent protective order "appears to have been signed by Mr. Morris." Mr. Morris thus conceded that he received and signed the Lummi Court's permanent protective order on the date it was filed or soon thereafter.

. TTC 425.700 provides that a person entitled to protection who has a valid foreign protection order may file that order with the Tulalip Tribal Court clerk. Whether the foreign order is filed with Tulalip Tribal Court clerk in no way affects the Tribes' obligation to give the foreign order full faith and credit in light of TTC 4.25.690 and VAWA.

. VAWA has been amended since Mr. Morris' arrest, but these sections have not changed and were in effect at the time of his arrest.