# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1626

_____

Liberty Mutual Fire Insurance     *
Company,     *
    *
       Appellee,     *
    *    Appeal from the United States
     v.     *    District Court for the
    *    Eastern District of Missouri.
Portia Scott,     *
    *
       Appellant.     *

_____

Submitted: March 14, 2007
Filed: May 23, 2007

_____

Before MELLOY, SMITH, and BENTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Liberty Mutual Fire Insurance Company ("Liberty Mutual") filed a declaratory judgment action against Portia Scott, seeking a declaration that its first-party property insurance policy afforded no coverage for fire damage to Scott's house and personal property. At the close of evidence, the district court[1] granted Liberty Mutual's motion under Federal Rule of Civil Procedure 50 for judgment as a matter of law. Scott subsequently filed a motion for a new trial pursuant to Federal Rule of Civil Procedure

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

59, which the district court denied. Scott appeals, arguing principally that the district court erroneously relied on the doctrine of judicial estoppel in granting Liberty Mutual's motion for judgment as a matter of law. We affirm.

## I. *Background*

Scott's home was damaged in a fire that was later determined to have been set intentionally. Scott submitted to Liberty Mutual, her insurance provider, a signed proof of loss, claiming $121,744.65 in real property damages and $93,077.19 in personal property damages. In the proof of loss, Scott failed to differentiate between the replacement cost and the actual cash value of her personal property.[2] According to the proof of loss, Scott obtained most of the enumerated items more than a year before the fire. Scott signed the proof of loss and made the following warranty:

> No attempt to deceive [Liberty Mutual] has in any way been made, and all material facts have been provided to [Liberty Mutual]. All of the property claimed as part of the loss was destroyed or damaged at the time of the loss, and no property saved from or not damaged in the loss as been hidden. . . . All statements included anywhere on this form or on attachments have been carefully read to or by [Scott] and are warranted by [Scott] to be full[,] complete[,] and true.

In the year preceding the fire, Scott filed for bankruptcy. In her bankruptcy petition, Scott declared only $7,340 worth of personal property. Of this sum, she attributed $6,510 to her automobile and dog and $830 to other personal property, including $500 in furniture; $20 in books, records, and family photos; $300 in clothing for her and her daughter; and $10 in jewelry. Scott signed her bankruptcy

---

[2]For example, on the proof of loss, Scott stated that the "replacement cost" of her washer was $57.70 and that its actual cash value was also $57.70.

petition, verifying under penalty of perjury that the information she provided was true and correct.

In response to Scott's insurance claim, Liberty Mutual brought this declaratory judgment action in federal district court, seeking a declaration as to its liability under the policy. Liberty Mutual alleged, *inter alia*, that Scott "intentionally concealed and misrepresented . . . the nature and extent of the claimed damage, and the value for which a claim was presented." In support of its allegation, it cited the following policy provision:

> 2.  Concealment or Fraud.
>
>     a.  Under SECTION I—PROPERTY COVERAGES, with respect to all "insureds" covered under this policy, we provide no coverage for loss under SECTION I—PROPERTY COVERAGES if, whether before or after a loss, one or more "insureds" have:
>
>         (1)  Intentionally concealed or misrepresented any material fact or circumstance;
>         (2)  Engaged in fraudulent conduct; or
>         (3)  Made false statements; relating to this insurance.

Scott counterclaimed for breach of contract.

In response to Scott's counterclaim, Liberty Mutual asserted the policy's "concealment or fraud" provision. According to Liberty Mutual, the policy did not provide coverage for the fire at Scott's residence because, in part, Scott misrepresented the nature and extent of her damages. Liberty Mutual asserted that Scott made false statements during its claim investigation, citing the substantial value disparity between Scott's proof of loss and bankruptcy petition.

The case proceeded to trial by jury. At the close of evidence, Liberty Mutual moved for judgment as a matter of law on Scott's counterclaim. The district court granted the motion, concluding that "the evidence is insufficient as a matter of law to entitle Defendant to prevail against Plaintiff. . . ."

Scott then moved for a new trial, arguing that (1) the district court's judgment was based on the affirmative defense of judicial estoppel, which Liberty Mutual had not pleaded in its complaint; (2) the evidence did not support the judgment; and (3) the district court erred in excluding evidence that she was harassed by her former boyfriend. The district court denied Scott's motion, stating, in relevant part:

> Upon careful review of the record and application of the above standards, the Court finds Scott's contentions to be without merit. No rational jury would be able to reconcile the difference between her stated personal property in the bankruptcy and in the insurance claim less than a year later. Because of this material misrepresentation, she breached the contract and thus may not collect under either the personal property or the real property sections of the policy.

In a footnote to this paragraph, the district court explained:

> When ruling on the Rule 50 motion, the Court stated that Scott was *judicially estopped* from claiming $93,000 in personal property losses. Scott argues that the doctrine of judicial estoppel does not apply here, as the bankruptcy valuation was not a statement made under oath during the course of a trial. *See Monterey Dev. Corp. v. Lawyer's Title Ins. Corp.*, 4 F.3d 605, 609 (8th Cir. 1993) ("Judicial estoppel prevents a person who states facts under oath during the course of trial from denying those facts in a second suit, even though the parties in the second suit may not be the same as those in the first."). However, "even when the prior statements were not made under oath, the doctrine [of judicial estoppel] may be invoked to prevent a party from playing 'fast and loose' with the courts." *Id.* (citing *Konstantinidis v. Chen*, 626 F.2d 933, 937 (D.C. Cir.

1980); *State ex rel. KelCor, Inc. v. Nooney Realty Trust, Inc.*, 966 S.W.2d 399, 403 (Mo. Ct. App. 1998).

(Emphasis added).

## II. *Discussion*

On appeal, Scott argues that (1) the district court erred in applying the doctrine of judicial estoppel because Liberty Mutual never pleaded it as an affirmative defense; (2) even if Liberty Mutual timely raised judicial estoppel, the district court erred in applying the doctrine in the instant case because the disparities in the personal property values were to be expected, as the bankruptcy schedule contained actual cash value figures, while the proof of loss reflected replacement costs; and (3) even if judicial estoppel applies to the personal property claim, the district court erred in concluding that she violated the "concealment or fraud" provision of the insurance policy because the policy language requires that any alleged concealment or fraud relate to the insurance policy—not the filings made in the bankruptcy court.

In response, Liberty Mutual asserts that the district court (1) did not rely on judicial estoppel, to the exclusion of other grounds, in entering judgment as a matter of law for Liberty Mutual; (2) properly exercised its discretion in applying judicial estoppel to protect the dignity of the judicial process; (3) and properly entered judgment as a matter of law for Liberty Mutual because application of judicial estoppel requires the acceptance of Scott's statement in her bankruptcy pleadings to be taken as true.[3]

---

[3]Liberty Mutual also contends that Scott's failure to provide this court with a trial transcript renders meaningful review of the district court's ruling impossible and that, on this basis, this court should affirm the district court. On November 16, 2006, a panel of this court denied (1) Liberty Mutual's motion to dismiss Scott's appeal for failure to provide a trial transcript pursuant to Federal Rule of Appellate Procedure 10(b)(1) and (2) Scott's request that the trial transcript be prepared at the government's expense. The panel ordered Scott's appeal to proceed on the record as submitted.

"We review a grant of judgment as a matter of law de novo, applying the same standard as the district court." *Matrix Group Ltd., Inc. v. Rawlings Sporting Goods Co.*, 477 F.3d 583, 593 (8th Cir. 2007). We review the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in its favor and resolving all factual disputes in its favor. *Id.* "If the evidence viewed according to this standard would permit reasonable jurors to differ in the conclusions they draw, judgment as a matter of law cannot be granted." *Id.* "We are not, however, entitled to give a party the benefit of unreasonable inferences, or those at war with the undisputed facts." *Larson v. Miller*, 76 F.3d 1446, 1452 (8th Cir. 1996) (internal quotations and citation omitted). Therefore, "when the record contains no proof beyond speculation to support the verdict," then judgment as a matter of law is appropriate." *Id.* (internal quotations and citation omitted). "A mere scintilla of evidence is inadequate to support a verdict. . . ." *Id.* (internal quotations and citation omitted).

As an initial matter, contrary to Liberty Mutual's assertion, the district court did rely, at least in part, on the doctrine of judicial estoppel in granting judgment as a matter of law to Liberty Mutual. In response to Scott's motion for a new trial, the district court specifically stated, "When ruling on the Rule 50 motion, . . . Scott was *judicially estopped* from claiming $93,000 in personal property losses." (Emphasis added). A review of the district court's original judgment, however, reveals that the district court also concluded that "the evidence [was] insufficient as a matter of law to entitle [Scott] to prevail against [Liberty Mutual]." Because "we may affirm the district court on any grounds supported in the record," *Catipovic v. Peoples Cmty. Health Clinic, Inc.*, 401 F.3d 952, 957 (8th Cir. 2005), we need not address the district court's application of judicial estoppel if the evidence is insufficient as a matter of law to support Scott's claim against Liberty Mutual.

---

Therefore, while we are disadvantaged by the lack of a trial transcript, we will conduct our review based on the record submitted, which includes, *inter alia*, the district court's judgment and memorandum and order.

We agree with the district court that "[n]o rational jury would be able to reconcile the difference between [Scott's] stated personal property in the bankruptcy and in the insurance claim less than a year later." In her bankruptcy petition, Scott stated that she owned—excluding her automobile and her dog—$830 in personal property. Less than a year later, when seeking insurance recovery following the fire she claimed to own $93,077.19 in personal property, a difference of $92,247.19 from her bankruptcy petition.

Scott attempts to explain the striking difference by noting that the bankruptcy petition called for the "actual value" of her personal property, while the insurance policy concerned only "replacement costs." This argument fails, however, because Scott's proof of loss makes no distinction between replacement cost and actual cash value, as the same value is listed under each category. As stated above, we give the nonmoving party the benefit of all reasonable inferences when evaluating a motion for judgment as a matter of law. However, the inference Scott seeks is not reasonable.

Furthermore, even if Scott's insurance claim was based solely on replacement cost, the vast difference in the two values is still too great to be reconciled based on the record before us. At oral argument, Scott's counsel argued that the discrepancy arose due to Scott's confusion, as Scott testified that she was confused regarding what she was listing in her bankruptcy petition. However, counsel acknowledged that this testimony is not reflected in the record on appeal. Given Scott's verified bankruptcy petition, the district court was correct in assuming, in the absence of contrary proof, that Scott made a true and accurate representation of her personal property.

Scott failed to present evidence that the figures she listed in her bankruptcy petition were inaccurate or that the insurance proof of loss amounts resulted from mistake or were otherwise inadvertent. No record evidence accounts for the difference between Scott's stated personal property in bankruptcy and in the insurance claim made less than one year later. The only reasonable inference on the evidentiary record

is that Scott made a material misrepresentation in submitting her personal property claim of $93,077.19. This inference coincides with Liberty Mutual's contention that Scott violated the insurance policy's "concealment or fraud" provision. Under Missouri law, "a misrepresentation as to a portion of the loss may void coverage to the entire claim." *Childers v. State Farm Fire & Cas. Co.*, 799 S.W.2d 138, 141 (Mo. App. 1990). Scott's material misrepresentation as to her personal property voids her coverage under the policy.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court granting Liberty judgment as a matter of law.

_____