Bret **MERSEAL** and Glenda
**Merseal, Respondents,**

v.

**FARM BUREAU TOWN & COUNTRY
INSURANCE COMPANY OF
MISSOURI, Appellant.**

No. ED 98519.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 9, 2013.

Robert L. Brady, St. Louis, MO, for appellant.

Matthew C. Casey, St. Louis, MO, for respondents.

*OPINION*

ANGELA T. QUIGLESS, Judge.

Farm Bureau Town & Country Insurance Company of Missouri ("Farm Bureau") appeals from the trial court's judgment after a jury returned a verdict in favor of Bret and Glenda Merseal ("the Merseals") on their claim of breach of contract and vexatious refusal to pay. We affirm.[1]

## I. Background

Farm Bureau issued a homeowner's policy to the Merseals. The policy insured the Merseals' home and their personal property. The Merseals' home and the majority of their personal property were destroyed by fire. After their fire loss, the Merseals submitted a claim. The personal property portion of the claim was for $150,000. Farm Bureau discovered that six months prior to the fire loss, the Merseals had filed for bankruptcy valuing their personal property at $600. Farm Bureau denied the coverage claiming the Merseals intentionally misrepresented the extent and amount of their personal property. Farm Bureau based its belief on the discrepancy between the value of the personal property stated in the Merseals' bankruptcy filing and the value of the personal property stated in the insurance claim.

The Merseals brought suit against Farm Bureau alleging breach of contract and vexatious refusal to pay. A jury found in favor of the Merseals, and the trial court entered judgment according to the jury's verdict. The Merseals were awarded $134,362 on the policy, $13,586 for vexatious refusal to pay, and $67,000 in attorney's fees.[2] This appeal follows.

---

1. Because we affirm the trial court's judgment on the merits, the Merseals' motion to dismiss the appeal pursuant to Rule 84.04(c) and 81.12(a) is dismissed as moot.

2. The court also awarded the Merseals pre-

## II. Discussion

In its first two points on appeal, Farm Bureau contends the trial court erred in refusing to grant its motion for judgment notwithstanding the verdict ("JNOV"). First, Farm Bureau contends the Merseals failed to make a submissible case on their breach of contract claim in that they made a material misrepresentation in the value of their personal property claim, and therefore, no coverage is afforded as a matter of law. Second, Farm Bureau contends the Merseals failed to make a submissible case that they were entitled to damages for vexatious refusal to pay, in that they failed to show Farm Bureau's denial was without reasonable cause. In its third point on appeal, Farm Bureau contends the trial court abused its discretion in denying Farm Bureau's motion for remittitur because the $103,125 damages award for the Merseals' personal property loss was excessive in light of the evidence presented at trial. Farm Bureau alleges the evidence showed the maximum value of their property was $10,000 at the time of the loss. The Merseals filed a motion for award of attorney's fees on appeal; said motion was taken with the case.

## A. Denial of Motion JNOV

 The standard of review of a trial court's denial of a motion for JNOV is whether the plaintiff submitted legal and substantial evidence to support each fact essential to liability. *Sanders v. Ahmed,* 364 S.W.3d 195, 208 (Mo. banc 2012). Further, granting a motion for JNOV is a drastic action and should only be granted when reasonable persons could not differ on the correct disposition of the case. *Martha's Hands, LLC v. Starrs,* 208 S.W.3d 309, 314 (Mo.App. E.D.2006). We review the evidence in the light most favorable to the jury's verdict, giving plaintiff the benefit of all reasonable inferences and disregarding evidence and inferences that conflict with the verdict. *Sanders,* 364 S.W.3d at 208. Whether plaintiff made a submissible case is a question of law; therefore, our review is *de novo.* *D.R. Sherry Constr., Ltd. v. Am. Family Mut. Ins. Co.,* 316 S.W.3d 899, 905 (Mo. banc 2010). We will only reverse the jury's verdict for insufficient evidence when there is a complete absence of probative facts to support the jury's conclusion. *Sanders,* 364 S.W.3d at 208.

## 1. Misrepresentation

In its first point on appeal, Farm Bureau contends the trial court erred in refusing to grant its motion for JNOV because the Merseals failed to make a submissible case on their breach of contract claim in that they made a material misrepresentation in the value of their personal property claim, and therefore, no coverage is afforded as a matter of law. We disagree.

 We begin by addressing the Merseals' argument that this point was not properly preserved for appeal. The Merseals argue Farm Bureau is not appealing the submissibility of the breach of contract claim but is appealing, as a matter of law, the trial court's failure to grant its motion for JNOV on its affirmative defense that the Merseals intentionally misrepresented the value of their personal property. The Merseals allege this point was not properly preserved because the issue was raised in Farm Bureau's motion for summary judgment which was denied and not appealed. The purpose of a motion for JNOV is to challenge the submissibility of the plaintiff's case, and in order to preserve an issue for a motion for JNOV, a sufficient

judgment interest of $68,579.

motion for directed verdict is required. *Marquis Fin. Services of Ind. Inc. v. Peet,* 365 S.W.3d 256, 259 (Mo.App. E.D.2012). Rule 72.01 requires that a motion for directed verdict "state the specific grounds therefore." *Sanders,* 364 S.W.3d at 208. A party cannot save an insufficient motion for directed verdict by making specific allegations in the motion for JNOV. *Marquis,* 365 S.W.3d at 259.

■ Here, Farm Bureau made an oral motion for directed verdict at the close of the Merseals' evidence "on the contract claim," by "incorporat[ing] by reference all the arguments set forth in written fashion in Farm Bureau's motion for summary judgment." The motion was denied. At the close of all the evidence, Farm Bureau again made an oral motion for directed verdict on the contract claim. Farm Bureau stated that the argument is "identical" to the earlier directed verdict motion. The trial court denied the motion. The jury returned a verdict for the Merseals. Subsequently, Farm Bureau filed a written motion for JNOV alleging the Merseals intentionally misrepresented the extent and amount of their personal property loss when presenting their claim to Farm Bureau. The motion was denied.

Although Farm Bureau's oral motions for directed verdict at the close of the evidence could have been more explicitly stated, reference to the argument in the summary judgment motion which specifically detailed the affirmative defense was sufficient to preserve the issue. As the Supreme Court of Missouri stated in *Sanders,* the requirement that an issue be preserved is "based on ideas of efficiency and fair play," and a party should make an objection to the trial process at the earliest opportunity. 364 S.W.3d at 208. Here,

the trial court denied Farm Bureau's written motion for summary judgment. All parties were aware of the specific issues raised in that motion.[3] Therefore, Farm Bureau's incorporation of the motion for summary judgment in its oral motions for directed verdict, stated specific grounds to preserve the issue. We find this issue was properly preserved for appeal.

■ Next we address Farm Bureau's allegation that the trial court erred in refusing to grant its motion for JNOV on its affirmative defense that the Merseals made a material misrepresentation in the value of their personal property claim, and therefore, no coverage is afforded as a matter of law. Farm Bureau's affirmative allegation that the coverage is void is based on the following policy language:

> This policy provides no coverage to any insured if any insured *intentionally* conceals or misrepresents any material fact or circumstance relating to this insurance, any claim or occurrence, or during the adjustment or investigation of any claim or occurrence. (emphasis added)

Farm Bureau denied coverage claiming the Merseals intentionally misrepresented the extent and amount of their personal property. Farm Bureau based its belief on the discrepancy between the value of the personal property stated in the Merseals' bankruptcy filing and in the insurance claim.

We find the Eighth Circuit's decision in *Young v. Allstate Insurance Co.,* 685 F.3d 782 (8th Cir.2012), to be persuasive. In *Young,* the plaintiffs appealed from the grant of summary judgment where the district court found as a matter of law that "no reasonable juror could conclude that

---

**3.** In their brief on appeal, the Merseals acknowledge that this issue was raised by Farm Bureau in its motion for summary judgment.

[the plaintiffs] did not materially misrepresent their property claim." *Id.* at 784. In reversing and remanding the decision, the Eighth Circuit recognized that under Missouri law, "a misrepresentation to the portion of the loss may void coverage to the entire claim," but that misrepresentation "requires an intent to deceive." *Id.* at 784–85. The Eighth Circuit found there was a genuine issue of fact whether the plaintiffs intended to deceive the insurance company. *Id.* at 785.

In *Young,* the plaintiffs' adult daughter prepared the initial inventory list, and the plaintiffs signed the list. *Id.* at 783. After meetings with a claims supervisor discussing various items on the inventory list, the plaintiffs stated they wanted to remove several items. *Id.* The day before the insurance company examined the plaintiffs under oath, the plaintiffs submitted a revised list. *Id.* During the examination, the plaintiffs admitted that the initial inventory included numerous items that were not damaged or destroyed in the fire and that several of the values in the initial inventory were overstated. *Id.* at 784. The court distinguished its earlier decision in *Liberty Mutual Fire Insurance Co. v. Scott,* 486 F.3d 418 (8th Cir.2007), where it held the discrepancy between the proof of loss and bankruptcy petition was a material misrepresentation and voided coverage as a matter of law. *Id.* at 785. In distinguishing the case, the court found the insured in *Scott* presented no evidence "that the proof of loss amounts was the result of a mistake or were otherwise inadvertent." *Id.* at 785. (internal quotations omitted).

Here, we find there was a genuine issue of fact whether the Merseals intended to deceive the insurance company in their personal property claim. Although there was a discrepancy between the value of the personal property stated in the bankruptcy filing and in the insurance claim, the Mer-

seals adduced evidence that demonstrated the bankruptcy filing was a result of a mistake and was inadvertent. Further, the Merseals adduced evidence that provided an explanation for the discrepancy. Thus, reasonable persons could differ on whether they intended to deceive Farm Bureau.

First, when recording their personal property for their bankruptcy claim, the Merseals admitted they made errors in filing their *pro se* bankruptcy filing using a "do it yourself" computer program. Bankruptcy attorney, Gary Bollinger ("Bollinger"), confirmed that the Merseals used the wrong methodology and incorrectly computed their personal property value in their bankruptcy filing. Further, Bollinger opined that even if the bankruptcy filing had been correctly computed, the value of personal property in bankruptcy would never be the same as the value of said personal property on an insurance claim because of the different methods of valuation. He explained that current value is used in bankruptcy, and replacement value is used for an insurance claim. Bollinger defined current value in bankruptcy as the amount at which the items could be sold at a yard sale, whereas replacement value in an insurance claim is the amount it would cost to go buy the items at retail.

Mrs. Merseal testified that in the bankruptcy filing, the computer program guided them to report the value of thirty-three personal property categories and to value those categories if the items were collectively sold in a yard sale. Mr. Merseal explained they did not include many of their personal property items in their bankruptcy filing because these items would have no resale value in a garage sale.

Conversely, when recording their personal property for the insurance claim, the Merseals testified that Ralph Stubblefield,

a claims adjuster with Farm Bureau, instructed them to individually itemize each personal property item and to record what they originally paid and the replacement cost. He told them to go to different stores and walk through "in case you see something that might jog your memory and you might remember you had one of those, even if you had something for fifteen years you still had it because you might forget." Mrs. Merseal testified that for the insurance claim they were told to list everything they owned including items she was instructed by the bankruptcy computer program not to include in the bankruptcy claim, such as, toothbrushes, toothpaste, medications, toiletries, food, spices, cleaning supplies, etc. Mr. Merseal testified that they included personal property in the insurance claim that they did not include in the bankruptcy filing. He explained that even though certain items would have no resale value in a garage sale, the items were used by the family and would need to be replaced.

Additionally, in an effort to expedite their personal property claim and to explain the discrepancies between the value of their personal property claim in the insurance claim and in the bankruptcy filing, the Merseals consulted with Bollinger. He helped them identify the mistakes they had made in the bankruptcy filing. The Merseals then wrote a letter to Farm Bureau which outlined a detailed explanation of the discrepancies in the values. They also attached a proposed amendment to the bankruptcy filing.

Viewing the evidence in the light most favorable to the jury's verdict, giving the Merseals the benefit of all reasonable inferences and disregarding evidence and inferences that conflict with the verdict, we find the Merseals made a submissible case. There is sufficient evidence from which a jury could conclude that the Merseals did not intentionally misrepresent the amount of their personal property to deceive Farm Bureau; therefore, the trial court did not err in refusing to grant Farm Bureau's motion for JNOV. The point is denied.

## 2. Vexatious Refusal to Pay

In its second point on appeal, Farm Bureau contends the trial court erred in denying its motion for JNOV because the Merseals failed to make a submissible case that they were entitled to damages for vexatious refusal to pay in that they failed to show Farm Bureau's denial was without reasonable cause. We disagree.

To establish a claim for vexatious refusal to pay pursuant to Section 375.420,[4] the plaintiff must show that the insurance company's refusal to pay the loss was willful and without reasonable cause or excuse, as the facts would have appeared to a reasonable person before trial. *Watters v. Travel Guard Int'l,* 136 S.W.3d 100, 108 (Mo.App. E.D.2004). When there is an open question of law or fact, insurers may insist upon a judicial determination without being liable for vexatious refusal. *Id.* However, the existence of an open question of law or fact will not preclude liability for vexatious refusal where the insurance company's attitude is shown to be vexatious and recalcitrant. *Id.* "Direct and specific evidence to show vexatious refusal is not required, the jury may find vexatious delay under a general survey and a consideration of the whole testimony and all the facts and circumstances in connection with the case." *Columbia Mut. Ins. Co. v. Epstein,* 239 S.W.3d 667, 675 (Mo.App. E.D.2007) (internal quotations omitted).

4. All statutory references are to RSMo. (2000), unless otherwise indicated.

After a general survey and a consideration of the whole testimony and the facts and circumstances connected with the case, we do not find a complete absence of probative fact to support the jury's conclusion that Farm Bureau's refusal to pay was willful and without reasonable cause or excuse. First, Farm Bureau issued to the Merseals a homeowner's insurance policy with policy limits of $103,125 for personal property after the bankruptcy. Mr. Merseal testified that Farm Bureau unilaterally set the amount of coverage for their personal property and they did not participate in determining the amount of coverage.

After the fire, Farm Bureau became aware of the Merseals' prior bankruptcy claim. Then, Farm Bureau used a personal property valuation company, "CERA," to assess the value of the Merseals' personal property claim. CERA assessed the personal property at $131,929 actual cash value and $146,135 replacement cost. Farm Bureau used this company to determine whether items were reasonably valued by claimants. Thereafter, Farm Bureau denied the Merseals' personal property claim based on the discrepancy between their bankruptcy filing and their insurance claim.

Farm Bureau was aware that the Merseals had filed bankruptcy without an attorney and that the Merseals had made a mistake on the valuation of their personal property when they filed for bankruptcy. In fact, once the Merseals were made aware of their mistaken property valuation on their bankruptcy claim, the Merseals sent a letter to Farm Bureau. The letter acknowledged that they had made an error on their bankruptcy filing. The Merseals attached to the letter a proposed amendment to the bankruptcy filing. The Merseals also included a spreadsheet reasonably explaining the discrepancies between the personal property values in the bankruptcy filing and the insurance claim. Even after receipt of this letter, Farm Bureau did not investigate the different valuation methods and instructions in filing a personal property claim for an insurance company as compared to filing a personal property claim in bankruptcy. Farm Bureau conducted no further investigation but continued to refuse coverage. *See Allen v. State Farm Mut. Auto. Ins. Co.,* 753 S.W.2d 616, 620 (Mo.App. E.D.1988) (adequacy of an insurer's investigation of a claim may be considered evidence of vexatiousness). Thus, we find there is sufficient evidence from which a jury could conclude that Farm Bureau's refusal to pay was without reasonable cause or excuse; therefore, the trial court did not err in refusing to grant Farm Bureau's motion for JNOV. The point is denied.

## B. Remittitur

In its third point on appeal, Farm Bureau contends the trial court abused its discretion in denying Farm Bureau's motion for remittitur because the $103,125 damages award for the Merseals' personal property loss was excessive in light of the evidence presented at trial, in that the evidence showed the maximum value of their property was $10,000 at the time of the loss.

We review the trial court's denial of a motion for remittitur for an abuse of discretion. *Martin v. Survivair Respirators, Inc.,* 298 S.W.3d 23, 35 (Mo.App. E.D.2009); *Johnson v. Allstate Indem. Co.,* 278 S.W.3d 228, 236 (Mo.App. E.D. 2009). We will not disturb the trial court's decision on appeal absent an abuse of discretion so grossly excessive that it shocks the conscience and convinces us that both the trial judge and the jury have abused their discretion. *Johnson,* 278 S.W.3d at 236.

Under Section 537.068, remittitur is appropriate if, "after reviewing the evidence in support of the jury's verdict," the court finds the jury's verdict is excessive. We give deference to the trial court's decision whether to remit a verdict as the trial court is in a superior position to observe the testimony at trial. *Johnson*, 278 S.W.3d at 237.

Here, Farm Bureau's argument that there was no evidence to support the verdict and that the Merseals were only entitled to $10,000 is without merit. Farm Bureau relies on testimony by Mr. Merseal that the fair market value of their personal property before and after the fire loss was $10,000. However, Mr. Merseal testified that his assessment was based on yard sale valuation. Further, evidence was adduced that CERA valued the fair market value of the Merseals' personal property at $131,929 which exceeds the policy limits of $103,125. In light of this evidence presented to the jury, we cannot say the trial court's decision is so grossly excessive that it shocks the conscience and convinces us that both the trial judge and the jury have abused their discretion. We find no abuse of discretion. The point is denied.

## C. Attorney's Fees on Appeal

Lastly, the Merseals filed a motion for award of attorney's fees on appeal. The jury determined by its verdict that Farm Bureau was obligated to pay Merseals' reasonable attorney's fees pursuant to Section 375.420. The Merseals contend that they have incurred additional attorney's fees in defending the post-trial motions and this appeal and thus are entitled to an award of those fees. We agree.

This Court has found that entitlement to attorney's fees on appeal stands upon the same ground as the trial court level. *Stark Liquidation Co. v. Florists' Mut. Ins. Co.*, 243 S.W.3d 385, 401 (Mo.App.

E.D.2007). Section 375.420 provides that the court or jury may allow for "a reasonable attorney's fee," and refusing to compensate an attorney for time reasonably spent on appellate work defending the judgment below would be inconsistent with the legislative intent to provide for recovery of said fees. *Id.* We grant the Merseals' request but remand the case to the trial court to hold a hearing to determine the reasonableness of the attorney's fees requested and to enter judgment accordingly. *See Id.*

## III. Conclusion

Accordingly, we affirm the judgment of the trial court, grant Merseals' motion for attorney's fees on appeal, and remand to the trial court for a determination of reasonable attorney's fees on appeal.

ROBERT G. DOWD, JR., P.J., and ROY L. RICHTER, J., concur.