

## *Missouri Court of Appeals*
### *Southern District*
#### *Division Two*

VANESSA HARTWELL, )
                                  )
              Appellant, )
                                  )
      vs. )    No. SD36561
                                    )
AMERICAN FIDELITY ASSURANCE COMPANY, )   FILED: September 17, 2020
                                    )
            Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable C. Wade Pierce, Judge

**REVERSED AND REMANDED**

Vanessa Hartwell ("Hartwell") appeals the trial court's judgment granting Rule 74.04 summary judgment in favor of American Fidelity Assurance Company ("AFA") on Hartwell's petition for breach of insurance contract (Count I) and vexatious refusal to pay an insurance claim (Count II).[1] In three points, Hartwell contends that the trial court erred in granting summary judgment because (1) "the trial Court failed to construe a policy ambiguity against [AFA]"; (2) " [AFA] did not state or support multiple elemental, material facts necessary for a proper summary judgment record under Rule 74.04(c)'s numbered-paragraphs-and-responses framework" and "a genuine issue of material fact exists"; and, (3) [Hartwell]'s Count II for vexatious refusal does not fail where [Hartwell]'s count for breach of contract does not fail."

---

[1] All Rule references are to Missouri Court Rules (2019).

1

Determining that Hartwell's second and third points are meritorious, we reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

**Factual and Procedural Background**

The following background is undisputed. Hartwell was the holder of and an insured under an insurance policy issued by AFA ("the Policy") that was in full force and effect for the dates at issue. Hartwell filed an insurance claim with AFA seeking the "Hospital Confinement Benefit" under the Policy for a period of hospitalization from June 11, 2018, through July 4, 2018. AFA agreed with Hartwell that she was hospitalized at Saint Francis Medical Center ("SFMC") from June 11, 2018, through June 19, 2018, and paid the benefits Hartwell claimed for those dates. It denied, however, that she was entitled to the Hospital Confinement Benefit for the remainder of the days at issue, June 20, 2018, to July 4, 2018.

AFA's answer to Hartwell's petition contains the following affirmative allegations. The Policy provides that eligibility for the Hospital Confinement Benefit requires that the insured be confined as a patient in a "Hospital" as defined within the Policy ("the Hospital definition"). Furthermore, the Hospital definition contains language excluding from that term an institution used by the insured as "a place for rehabilitation" or as "an extended care facility for the care of convalescent, rehabilitative or ambulatory patients." With respect to the portion of Hartwell's claim for Hospital Confinement Benefits that it denied, AFA alleged,

> Based on the information provided to AFA by [SFMC] on multiple occasions, [Hartwell] was inpatient from June 20, 2018 to July 4, 2018 at a rehabilitation facility located on the [SFMC] grounds and her stay during this time was used by her as "a place for rehabilitation" and/or "an extended care facility for the care of convalescent, rehabilitative or ambulatory patients."

AFA filed a motion for summary judgment on both counts in Hartwell's petition on the basis of its affirmative allegations that, for the period in which Hartwell is seeking benefits, she

was not confined as a patient in a Hospital. The trial court ultimately granted this motion and entered judgment accordingly.

Hartwell now timely appeals the trial court's judgment in favor of AFA. Additional relevant facts are provided below, as we discuss Hartwell's three points relied on.

## Standard of Review

"The interpretation of an insurance policy, and the determination whether coverage and exclusion provisions are ambiguous, are questions of law that this Court reviews *de novo*." *Burns v. Smith*, 303 S.W.3d 505, 509 (Mo. banc 2010). "Where, as here, the trial court granted summary judgment, this Court also applies a *de novo* standard of review." *Id.* This means we "give no deference to the trial court's decision[,]" but rather "employ the same criteria the trial court should have used in deciding whether to grant the motion." *Haulers Ins. Co., Inc. v. Pounds*, 272 S.W.3d 902, 904 (Mo. App. 2008) (internal citations omitted).

## Discussion

### *Point 1 – The Hospital Definition is not Ambiguous*

In her first point, Hartwell contends as follows:

The trial court erred in entering summary judgment in [AFA]'s favor on [Hartwell]'s breach of contract Count I because the trial Court failed to construe a policy ambiguity against [AFA] in that the [P]olicy gives then takes away a benefit where the [P]olicy benefit section promises payment in the event the insured is confined in a Hospital and charged room and board; one definition section of the [P]olicy provides for the hospital [Hartwell] was confined in to fit the definition of what "Hospital means" vesting the benefit; however, a subsequent definition section providing for what "Hospital shall not mean" attempts to take away the benefit if the very same hospital is used by the insured as "a place for rehabilitation."

We disagree.

"In construing the terms of an insurance policy, this Court applies the meaning which would be attached by an ordinary person of average understanding if purchasing insurance, and

3

resolves ambiguities in favor of the insured." ***Seeck v. Geico Gen. Ins. Co.***, 212 S.W.3d 129, 132 (Mo. banc 2007) (internal quotation marks and citations omitted). "An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language of the policy." ***Id.*** (internal quotation marks omitted). If an "insurance clause appears to provide coverage but other clauses indicate that such coverage is not provided, then the policy is ambiguous, and the ambiguity will be resolved in favor of coverage for the insured." ***Id.*** at 134. However, "[t]he mere presence of an exclusion does not render an insurance policy ambiguous." ***Floyd-Tunnell v. Shelter Mut. Ins. Co.***, 439 S.W.3d 215, 221 (Mo. banc 2014). "An insured cannot create an ambiguity by reading only a part of the policy and claiming that, read in isolation, that portion of the policy suggests a level of coverage greater than the policy actually provides when read as a whole." ***Owners Ins. Co. v. Craig***, 514 S.W.3d 614, 617 (Mo. banc 2017).

With these principles in mind, we turn to the Hospital definition, which states, *in toto*:

***HOSPITAL*** *means* a licensed institution which:

(a) has on its premises:

> (1) laboratory, X-ray equipment and operating rooms where major surgical operations maybe [sic] performed by licensed Physicians;

> (2) permanent and full-time facilities for the care of overnight resident bed patients under the supervision of a licensed Physician;

> (3) 24-hour-a-day nursing service by graduate registered nurses; and

> (4) the patient's written history and medical records;

or:

(b) is accredited by the Joint Commission on Accreditation of Hospitals.

*The term Hospital shall not include* an institution used by You as:

(a) a place for rehabilitation;

4

(b) a place for rest or for the aged;

(c) a nursing or convalescent home;

(d) a long term nursing unit or geriatrics ward; or

(e) an extended care facility for the care of convalescent, rehabilitative or ambulatory patients.

(Emphasis added.)

Hartwell argues that, under the Hospital definition, an institution's satisfaction of the first part of the definition (detailing inclusion criteria for a licensed institution), when first considered, provides coverage under the Policy's Hospital Confinement Benefit, but that if that same institution also satisfies the second part of the definition (detailing exclusion criteria for institutions used by the insured in certain manners), when thereafter considered, then the second part takes away the coverage provided by the first part. This, according to Hartwell, without any citation to supporting authority, means that the definition is ambiguous. This argument is incorrect, however, because Hartwell reads the two parts of the Hospital definition in isolation, instead of reading them together as required.

No duplicity, indistinctness, or uncertainty exists between the first and second parts of the Hospital definition. The first part is concerned with certain prescribed institutional characteristics and the second part is concerned with proscribed manners in which the insured used the institution. When read as a whole, *see **Owners Ins. Co.**,* 514 S.W.3d at 617, it requires that, in order to qualify for inclusion within the Hospital definition, a licensed institution must satisfy the definition's first part *but* an institution is excluded from that term if it is used by the insured in any manner described in the definition's second part. Thus, to an ordinary person of average understanding, an institution *qualifies* under the Hospital definition if it (1) satisfies the definition's first part *and* (2) *was not used* by the insured in a manner proscribed in the second

5

part. The same person would also understand that, in a different context, an institution, although meeting the Hospital definition's first part, *does not qualify* as a Hospital if it *was used* by an insured in a manner described and excluded by the second part.

Where there is no ambiguity in an insurance policy, a court enforces the policy as written. ***Peters v. Employers Mut. Casualty. Co.***, 853 S.W.2d 300, 302 (Mo. banc.1993). Because there is no ambiguity in the Policy as alleged, Hartwell's first point is denied.

### Point 2 – AFA Failed to Make a Prima Facie Showing of Right to Judgment on Count I

Having determined that the Hospital definition is *not* ambiguous, we next turn to Hartwell's second point relating to the application of that definition to the summary judgment record. This point consists of two, separate arguments contending as follows:

> The trial court erred in entering summary judgment in [AFA]'s favor because [AFA] was not entitled to summary judgment in that [1] [AFA] did not state or support multiple elemental, material facts necessary for a proper summary judgment record under Rule 74.04(c)'s numbered-paragraphs-and-responses framework (thus not entitled to summary judgment as a matter of law) *and* [2] a genuine issue of material fact exists as to [Hartwell]'s usage of [SFMC].

(Emphasis added.)

"A summary judgment can only be granted if there is no genuine issue of material fact *and* the moving party is entitled to judgment as a matter of law." ***Empire Dist. Elec. Co. v. Coverdell***, 484 S.W.3d 1, 7 n.9 (Mo.App. 2015) (emphasis added) (internal quotation marks omitted). Here, Hartwell's first argument is focused on the latter requirement—whether AFA was entitled to judgment as a matter of law. Hartwell essentially argues that AFA's motion for summary judgment failed to make a prima facie showing of a right to judgment as a matter of law under the Hospital definition because its statement of uncontroverted material facts ("SUMF") omitted the material fact that between June 20, 2018, through July 4, 2018, she *used*

6

SFMC as either "a place for rehabilitation" or "an extended care facility for the care of convalescent, rehabilitative or ambulatory patients." We agree.

Summary judgment practice requires that the movant attach to the motion for summary judgment a SUMF that "state[s] with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts." Rule 74.04(c)(1). The following principles underscore the SUMF's importance in summary judgment:

> • Facts come into a summary judgment record *only* via Rule 74.04(c)'s numbered-paragraphs-and-responses framework.
>
> • Courts determine and review summary judgment *based on that Rule 74.04(c) record, not* the whole trial court record.
>
> • Affidavits, exhibits, discovery, etc. generally play only a secondary role, and then only as cited to support Rule 74.04(c) numbered paragraphs or responses, *since parties cannot cite or rely on facts outside the Rule 74.04(c) record*.
>
> • To come full circle, "summary judgment rarely if ever lies, or can withstand appeal, unless it flows as a matter of law from appropriate Rule 74.04(c) numbered paragraphs and responses *alone*."

*Jones v. Union Pac. R.R. Co.*, 508 S.W.3d 159, 161 (Mo.App. 2016) (footnote references omitted).

When the alleged uncontroverted material facts in a movant's SUMF and accompanying supporting documentation establish the movant's right to judgment as a matter of law, the movant has made a prima facie showing of a right to judgment under Rule 74.04(c)(1). *See ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 381 (Mo. banc 1993). "Conversely, if a movant's motion for summary judgment fails to make that Rule 74.04(c)(1) prima facie showing of a right to judgment as a matter of law, any further inquiry

7

into the summary judgment record should end and the motion for summary judgment should be denied." ***Columbia Mutual Insurance Company v. Heriford***, 518 S.W.3d 234, 241 (Mo.App. 2017) (citing ***ITT Commercial Fin. Corp.***, 854 S.W.2d at 381). Only when the movant has made a prima facie showing does "the burden shift[] to the non-movant to show that 'one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed.'" ***Great Southern Bank v. Blue Chalk Construction, LLC***, 497 S.W.3d 825, 829 (Mo.App. 2016) (quoting ***ITT Commercial Fin. Corp.***, 854 S.W.2d at 381).

In support of its motion for summary judgment, AFA attached a SUMF containing ten numbered paragraphs. The factual allegations of those paragraphs are as follows:

1. [Hartwell] made a claim for Hospital Confinement Benefits under Policy # 325141402 (the "Policy") regarding her confinement at facilities operated by [SFMC] from June 11 to July 4, 2018.

2. Beginning June 11, [Hartwell] was confined at the [SFMC] Orthopedic Institute, until her discharge from that unit June 19, 2018.

3. From June 20 to July 4, 2018, [Hartwell] was confined at the Inpatient Rehabilitation Facility ["IRF"].

4. SFMC's [IRF] is a 24-bed unit dedicated to providing rehabilitation services.

5. SFMC's [IRF] is a distinct unit of SFMC with rooms located separately from other facilities or units at SFMC.

6. [Hartwell] was admitted into the [IRF] "to participate in the rehabilitation program" and under "supervision by a rehabilitation physician."

7. The Policy provides that the Hospital Confinement Benefit will be paid if the policy holder is "confined as a patient in a Hospital due to an Accidental Injury or Sickness."

8. The Policy states that the term "Hospital" for purposes of the Policy does not include an institution used as "a place for rehabilitation" or "an extended care facility for the care of convalescent, rehabilitative or ambulatory patients."

9. Pursuant to the Policy, AFA paid all benefits owed to [Hartwell] for her confinement in the [SFMC] Orthopedic Institute from June 11 to June 19, 2018.

10. Pursuant to Sections 1 and 3 of the Policy, AFA paid Disability Benefits to [Hartwell] for her stay at the [IRF] from June 20, 2018 to July 4, 2018.[2]

(Specific references to supporting documents omitted.)

In Count I of her petition, Hartwell claims that she was entitled under the Policy to the Hospital Confinement Benefit for the period of June 20, 2018, through July 4, 2018. In attempting to refute this claim, paragraphs 3, 4, 5, and 6 of AFA's SUMF allege that from June 20, 2018, through July 4, 2018, Hartwell was confined in the IRF, which is described as "a distinct unit of SFMC" that is "dedicated to providing rehabilitation services[,]" and that she was "admitted" to the IRF "'to participate in the rehabilitation program' and under 'supervision by a rehabilitation physician.'" In its SUMF paragraphs 7 and 8, AFA then references the Policy's requirement that a Hospital Confinement Benefit requires that the insured be confined to a Hospital, the definition for which excludes "an institution used [by the insured] as … "a place for rehabilitation … or … an extended care facility for the care of convalescent, rehabilitative or ambulatory patients."

Even though AFA acknowledges in its SUMF paragraphs 7 and 8 the Policy's exclusionary factual requirements in the Hospital definition, thereby conceding their materiality to its right to judgment based upon that definition, AFA nevertheless fails to state as an alleged material fact in its SUMF that Hartwell *used* SFMC in a manner proscribed in that definition. As Hartwell correctly asserts in her brief, AFA's SUMF neither alleges nor addresses this requirement. SUMF paragraphs 3, 4, 5, and 6—at best—leave AFA to claim only a favorable inference drawn therefrom that Hartwell used SFMC in a manner excluded by the Hospital definition. But, "in reviewing a motion for summary judgment, the opposite inference is

---

[2] The Policy's Schedule of Benefits provides that the Hospital Confinement Benefit is "2 times the Disability Benefit…." The Policy provides that the Hospital Confinement Benefit "will be paid in lieu of any other benefit payable under the Policy."

required: 'the Court will review the record in the light most favorable to the party against whom judgment was entered.'" ***Rice v. Shelter Mut. Ins. Co.***, 595 S.W.3d 537, 542 (Mo.App. 2020) (quoting ***ITT***, 854 S.W.2d at 376); s*ee **Harpagon MO, LLC v. Bosch***, 370 S.W.3d 579, 582 (Mo. banc 2012) (in reviewing grant of summary judgment "[a]ll reasonable inferences are drawn in favor of the non-movant.").

AFA, in its brief, ignores and fails to address this deficiency in its SUMF. It focuses, instead, on the medical records that are referenced in the summary judgment record as supporting alleged material facts, asserting that

> The undisputed facts here include both [SFMC] personnel's descriptions of the [IRF] and medical records detailing the plaintiff's actual use of the [IRF]. [Hartwell]'s care during her stay at the [IRF] is detailed in her Post Admission Evaluation. Upon admission into the [IRF], [Hartwell] was deemed "sufficiently stable to participate in the rehabilitation program." [Hartwell] required "supervision by a rehabilitation physician" and participated in "an intensive rehabilitation program."

(Record citations omitted.) It then goes on to fault Hartwell for not providing "any medical records demonstrating that she received any care other than rehabilitation while confined at the [IRF]."

This argument misses the mark for two reasons. First, AFA is required to make a prima facie showing of a right to judgment as a matter of law based upon its asserted uncontroverted material facts in its Rule 74.04(c) numbered paragraphs in its SUMF. *See **Sloan v. Farm Bureau Town & Country Ins. Co. of Missouri***, 601 S.W.3d 314, 319 (Mo.App. 2020); ***Rice***, 595 S.W.3d at 542; ***Heriford***, 518 S.W.3d at 241 (citing ***ITT Commercial Fin. Corp.***, 854 S.W.2d at 381); ***Jones***, 508 S.W.3d at 161. Thus, any facts contained in the "Post Admission Evaluation" exhibit, to the extent those facts are not otherwise expressly stated in AFA's SUMF, are not relevant to our Rule 74.04 analysis as to whether AFA made a prima facie showing of a right to judgment.

10

Second, when, and only when, AFA makes the necessary prima facie showing of a right to judgment as a matter of law based upon its SUMF does the burden shift to Hartwell to show that one or more of AFA's material facts are genuinely disputed. *See Great Southern Bank*, 497 S.W.3d at 829. As such, any documents Hartwell may include or omit in her response to AFA's SUMF are also not relevant at this stage of our Rule 74.04 analysis.

In sum, AFA's Rule 74.04(c)(1) numbered paragraphs in its SUMF fail to support a prima facie showing of AFA's right to judgment as a matter of law under the Hospital definition. Because the trial court's summary judgment was inappropriate for this reason alone, we need not address Hartwell's second argument that a genuine issue of material fact exists as to the manner in which Hartwell used the IRF. Point 2 is granted.

### *Point 3 – Reversal of Summary Judgment on Count I Requires Reversal on Count II*

We finally turn to Hartwell's third and final point, Hartwell contends:

> The trial court erred in entering summary judgment in [AFA]'s favor on [Hartwell]'s Count II because [AFA] was not entitled to summary judgment as a matter of law in that at least one issue of material fact remains and [Hartwell]'s Count II for vexatious refusal does not fail where [Hartwell]'s count for breach of contract does not fail.

We agree.

Section 375.420 provides for a cause of action against an insurance company for vexatious refusal to pay.[3] Such a claim is derivative to a claim for breach of contract. *See Alessi v. Mid-Century Insurance Company, Inc.*, 464 S.W.3d 529, 533 (Mo.App. 2015); *Fischer v. First Am. Title Ins. Co.*, 388 S.W.3d 181, 191 (Mo.App. 2012). As in *Alessi*, "[h]aving held that summary judgment was inappropriate on the breach-of-contract claim, we likewise reverse the

---

[3] All statutory references to section 375.420 are to RSMo (2016).

trial court's grant of summary judgment on the derivative vexatious-refusal-to-pay claim." 464

S.W.3d at 533. Point 3 is granted.

## Decision

The trial court's judgment in favor of AFA is reversed, and the case is remanded for

further proceedings consistent with this opinion.[4]

GARY W. LYNCH, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS

---

[4] Hartwell filed a motion for attorney's fees on appeal, citing *Merseal v. Farm Bureau Town & Country Ins. Co. of Mo.*, 396 S.W.3d 467, 475 (Mo. App. 2013), and *Stark Liquidation Co. v. Florists' Mut. Ins. Co.*, 243 S.W.3d 385, 402 (Mo. App. 2007), for the proposition that a finding of vexatious refusal to pay under section 375.420 entitles a claimant to attorney's fees on appeal upon the same ground as the trial court level. Here, however, there has yet been no finding of a vexatious refusal to pay. Accordingly, Hartwell's motion for attorney's fees is premature and is denied without prejudice.