**HARPAGON MO, LLC, Appellant,**

v.

**Edward L. BOSCH and Nancy Z. Bosch, et al., Respondents.**

**No. SC 92074.**

Supreme Court of Missouri, En Banc.

July 3, 2012.

---

Scott F. Walterbach, Larry Enkelmann LLC, Kansas City, for Harpagon.

Jerome E. Brant and Robb A. Denney, Withers, Brant, Igoe & Mullennix PC, Liberty, for the Bosches.

ZEL M. FISCHER, Judge.

This is an appeal from the Clay County circuit court's entry of summary judgment quieting title to the property located at 3535 Northeast 49th Terrace, Kansas City, Clay County, Missouri in favor of Edward and Nancy Bosch (the Bosches). Harpagon MO, LLC asserts that the circuit court improperly entered summary judgment in favor of the Bosches and, instead, should have entered summary judgment in

its favor because it complied with the requirements of § 140.405, RSMo Supp. 2006,[1] by providing the Bosches with timely and sufficient notice of their right to redemption. This Court ordered transfer after an opinion by the court of appeals and, therefore, has jurisdiction. Mo. Const. art. V, sec. 10. Judgment affirmed.

## FACTS

In 2005 and 2006, the Bosches, owners of "Sherwood Estates 3rd Plat, Lot 32, Block 10," the property located at 3535 Northeast 49th Terrace, failed to pay the real estate property taxes for it. Therefore, the property was offered for a second tax sale[2] in 2007. Sunrise Atlantic, LLC, a predecessor to Harpagon, was the successful bidder at the tax sale and received a certificate of purchase for the property on August 27, 2007.

Vesta Holdings, Sunrise's agent, sent the Bosches notices of their right to redeem the property on July 25, 2008. Edward signed the return receipts for the notices on July 28, 2008. The notices stated that they were sent in accordance with § 140.405. The notices further informed the Bosches that "[t]his letter is sent to you as Notice that you will have 90 days to redeem said property. If you fail to redeem the property by said date you will be forever foreclosed and barred from redemption."

On October 31, 2008, Harpagon, as the successor to Sunrise's interest in the property, presented the certificate to the county collector. On November 3, 2008, Harpagon received a collector's deed to the property. Thereafter, it filed a verified petition against the Bosches seeking quiet title to the property. The Bosches answered, asserting that Harpagon failed to comply with § 140.405, and requested that the petition be dismissed.

The parties subsequently filed cross-motions for summary judgment. Harpagon's motion alleged that its predecessor, Sunrise, had complied with all of the prerequisites of § 140.405 and that the notices were timely and sufficient. The Bosches' motion alleged that the notices were not timely sent because they were not sent 90 days prior to the end of the one-year redemption period set forth in § 140.405 and because the notices did not state that the Bosches had one year from the date of tax sale to redeem the property.

The circuit court held a hearing on the cross-motions for summary judgment. The court determined that "[t]he uncontested facts show that the former tax sale purchaser regarding the [property] did not comply with … § 140.405 following the tax sale. . . ." It then entered its judgment in favor of the Bosches, awarded them quiet title to the property, ordered them to reimburse Harpagon for the amount of taxes it had paid on the property plus interest, and overruled Harpagon's motion for summary judgment. This appeal followed.

## STANDARD OF REVIEW

■ This Court's standard of review for an appeal of the circuit court's entry of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). This Court reviews "the record in the light most favorable to the

1. Unless noted otherwise, all further statutory citations are to RSMo Supp. 2006.

2. Because this is a second sale case, it is governed by the statutory standards for first and second sales as set forth in the statutes described in this opinion. Third sale cases are governed by different rules than first and second sales and are not addressed by this opinion.

party against whom judgment was entered." *Id.* Any "[f]acts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion." *Id.* All reasonable inferences are drawn in favor of the non-movant. *Id.* After reviewing the evidence in this manner, this Court will only affirm the circuit court's entry of summary judgment if "the moving party establishes that there is no genuine issue as to the material facts and the movant is entitled to judgment as a matter of law." *Goerlitz v. City of Maryville,* 333 S.W.3d 450, 452 (Mo. banc 2011).

## ANALYSIS

Harpagon requests that this Court reverse the circuit court's entry of summary judgment in favor of the Bosches because it avers that the notices Sunrise sent to the Bosches were both timely and sufficient to inform them of their right to redeem the property. Harpagon further asserts that the there is no genuine issue of material fact as to whether the notices complied with the requirements of chapter 140,[3] whether the Bosches were properly notified of their right to redeem, or whether the Bosches failed to exercise their right to redeem the property; therefore, it is entitled to quiet title of the property. For Harpagon to be entitled to quiet title of the property, it and its predecessors must have met all of the requirements set forth in § 140.405. Pursuant to § 140.405, one of the requirements with which Harpagon had to comply was that the notices

must have been sent in accord with the requirements of the statute, i.e.,: "At least ninety days *prior to the date when a purchaser is authorized to acquire the deed,* the purchaser shall notify any person who holds a . . . claim upon that real estate of the latter person's right to redeem."

Harpagon argues that as long as the collector's deed is recorded after the one-year statutory redemption period in § 140.340 has expired and notice is sent at least 90 days prior to the recording of the deed, the notice is timely. The Bosches argue that notice must be sent at least 90 days prior to the end of the one-year statutory redemption in § 140.340.[4]

The court of appeals has issued conflicting opinions, some of which support each party's argument. Harpagon's argument is based on the interpretation of § 140.405 in *Boston v. Williamson,* which found that "there is no fixed date on which a purchaser at a delinquent tax sale is authorized to receive a deed." 807 S.W.2d 216, 218 (Mo. App.1991). Instead, the purchaser chooses a date "on which he elects to acquire the deed" from the collector and then "is obligated to give notice at least ninety days in advance of [that] date." *Id.; see also United Asset Mgmt. Trust Co. v. Clark,* 332 S.W.3d 159 (Mo.App.2010). Other opinions support the Bosches' argument in holding that the purchaser must provide the owner notice of the owner's right to redeem 90 days prior to the one-year anniversary of the tax sale because the purchaser becomes authorized to acquire the

---

**3.** For an overview of chapter 140, see this Court's opinion in *Sneil, LLC v. Tybe Learning Center, Inc.,* 370 S.W.3d 562, 568–69 (Mo. banc 2012) (No. SC92390, decided July 3, 2012), handed down contemporaneously with this opinion.

**4.** Both of these arguments have been adopted by the court of appeals in separate and con-

flicting opinions, creating confusion and setting forth two different interpretations of "when a purchaser is authorized to acquire the deed." Reliance by the court of appeals on case law that predates the addition of § 140.405 and the notice requirement that it creates is at least partially responsible for this confusion.

deed on that anniversary. *Drake Dev. & Constr. LLC v. Jacob Holdings, Inc.*, 306 S.W.3d 171, 173–74 (Mo.App.2010); *Cedar-Bridge, LLC v. Eason*, 293 S.W.3d 462, 465 (Mo.App.2009).[5]

■ "This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *Parktown Imps., Inc. v. Audi of America, Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009). Section 140.340 provides the owner of a property sold at a tax sale with a right to redeem that property "at any time during the one year next ensuing" the sale by paying the collector the taxes owed on the property. If the owner does not take advantage of this right to redeem within this one-year period then "at the expiration thereof, and on production of certificate of purchase, the collector of the county in which the sale of such lands took place shall execute to the purchaser" a deed for the property pursuant to § 140.420.

Section 140.310.1 entitles the purchaser at a tax sale to immediate possession of the property in question "at any time after one year from the date of the sale" presuming that the owner has not previously redeemed the property. The purchaser does not have an infinite amount of time to acquire the deed, but must, after paying all taxes owed on the property, have the collector's deed for the property executed and recorded within two years of the tax sale pursuant to § 140.410. Failure of the purchaser to have the deed executed and recorded within this time frame results in the purchaser forfeiting all rights to the property. Section 140.410.

■ The resolution of this case turns on the decision of when the purchaser becomes "authorized to acquire the deed." As this Court has previously noted, "[i]f the intent of the legislature is clear and unambiguous, by giving the language used in the statute its plain and ordinary meaning, then [this Court is] bound by that intent and cannot resort to any statutory construction in interpreting the statute." *Goerlitz*, 333 S.W.3d at 455 (internal quotation omitted). The plain language of § 140.420 indicates that the collector is to issue a deed to the purchaser if the purchaser produces the certificate of sale after the owner's one-year redemption period has expired. The purchaser is issued the certificate of purchase after the tax sale upon paying the sale price of the property in question pursuant to § 140.290, RSMo 2000. Because all a purchaser has to do to receive the deed is present this certificate, it follows that a purchaser is "authorized to acquire the deed" to the property exactly one year after the tax sale.

Harpagon argues that this interpretation is inherently contradictory because a purchaser is not authorized to acquire the deed until the purchaser also completes all the requirements set forth in § 140.405 as well as other requirements.[6] Harpagon is correct that § 140.405 does require a purchaser to comply with all of its requirements or else lose all interest in the property. However, the text of § 140.420 does not require that the collector verify com-

---

**5.** For a more in depth discussion of the conflicts in the court of appeals' opinions regarding this subject matter, see this Court's opinion in *Sneil*, 370 S.W.3d at 568–70.

**6.** Harpagon asserts in its brief that the purchaser is also required to pay all subsequent city and county taxes that have be-

come due on the property pursuant to § 140.440, produce the original certificate of tax sale purchaser pursuant to § 140.420, pay any additional fee necessary for the deed to be recorded pursuant to § 140.410, and have the deed recorded within two years from the date of tax sale pursuant to § 140.410.

pliance with all of the requirements of § 140.405 prior to issuing the deed; instead, the collector may issue the deed whenever the purchaser produces the certificate after the one-year redemption period.

■ To determine what remedy[7] an owner has if the collector issues a deed even though the purchaser has not complied with all of the requirements of chapter 140, "the words must be considered in context and sections of the statutes in *pari materia,* as well as cognate sections, must be considered in order to arrive at the true meaning and scope of the words." *S. Metro. Fire Prot. Dist. v. City of Lee's Summit,* 278 S.W.3d 659, 666 (Mo. banc 2009). Section 140.600, RSMo 2000, provides the remedy to an owner who wishes to challenge the issuance of a collector's deed for a purchaser's failure to comply with § 140.405. Section 140.600 allows an owner to file a petition to set aside the deed and recover possession of the land even after both a collector's deed and immediate possession of the property are given to the purchaser pursuant to § 140.420 and § 140.310, RSMo 2000, respectively. Further, § 140.590, RSMo 2000, allows a suit seeking recovery of lands sold for taxes "within three years from *the time of recording of the tax deed*" demonstrating that the issuance and subsequent recording of the deed does not prevent an owner from later reacquiring property sold at a tax sale if said owner can show that the purchaser failed to fulfill any of the requirements of chapter 140. (Emphasis added).

## CONCLUSION

■ After reviewing all the provisions of chapter 140 covering this subject matter and harmonizing them, this Court concludes that a purchaser is authorized to acquire a deed to property purchased at a tax sale one year after the sale. Therefore, a purchaser must notify the owner of that property of the owner's right to redeem at least 90 days prior to one year after the tax sale. If the purchaser does not provide timely or sufficient notice, but still acquires the deed by presenting the certificate of purchase to the collector, then the owner can file a petition to set aside the tax sale asserting the purchaser's failure to comply with § 140.405. To the extent that *United Asset Mgmt.,* 332 S.W.3d 159, *Drake Dev.,* 306 S.W.3d 171, *Hames v. Bellistri,* 300 S.W.3d 235 (Mo. App.2009), *CedarBridge,* 293 S.W.3d 462, *Keylien Corp. v. Johnson,* 284 S.W.3d 606 (Mo.App.2009), and *Boston,* 807 S.W.2d 216, conflict with this opinion, they are no longer to be followed.

The facts are undisputed in this case that the property was originally purchased at the tax sale on August 27, 2007. It is also undisputed that Sunrise did not send the notices to the Bosches until July 25, 2008, which was less than 90 days prior to August 27, 2008, the date exactly one year after the property was sold at the tax sale when the Bosches' right to redemption expired. The notices that Harpagon's predecessor, Sunrise, provided to the Bosches were not timely. Section 140.340 ("The owner … may redeem the [property] at any time during the one year next ensuing [the sale of the property at a tax sale.]"). The material facts are not disputed and the Bosches are entitled to judgment as a matter of law. The circuit court did not err in awarding the Bosches quiet title to the property.[8]

---

**7.** As denoted on the outside of this Court's building, *ubi jus ibi remedium*—"where there is a right there is a remedy."

For the foregoing reasons, the judgment is affirmed.

All concur.

8. Because this Court's determination that the notices were untimely is dispositive and because of the extensive analysis of the topic in *Sneil*, 370 S.W.3d at 562, this Court does not find it necessary to address whether the actual content of the notices was sufficient to satisfy the requirements of chapter 140 and due process in this opinion.